WILLIAM E. KELLS, Appellant, *v.* THE PEOPLE'S TRUST COMPANY, as
General Guardian of THOMAS J. KELLS, an Infant, Respondent,
Impleaded with Others, Defendants.

*Agreement in reference to the settlement of an estate — when an infant is not
prevented thereby from applying to the Surrogate's Court to compel the executor
thereof to account.*

Thomas Kells died leaving a will, of which William E. Kells and Rose Kells
were appointed executors. The testator was, in his lifetime, engaged in a
manufacturing business and owned the manufacturing plant in which it was
conducted. William E. Kells conducted the business after the testator's death
until the manufacturing plant was consumed by fire.

After the executors had received $9,500 from several insurance companies on
account of the property destroyed by fire, and when there was due from other
insurance companies the sum of $8,000, an agreement was entered into between
the executors, both individually and in their representative capacity, together
with Charles D. Kells, as parties of the first part, and Herbert R. Kells, Mamie
E. Gesell and Thomas J. Kells, an infant, by his special guardian, as parties of
the second part. These parties included all the executors, devises and legatees
under the will, and all of the parties were of full age except Thomas J. Kells.

The agreement recited that it was deemed for the best advantage of all parties
interested in the estate that the parties of the first part should pay to the
parties of the second part their respective shares of the residuary estate, and
that the parties of the first part would subordinate their interest in the estate
to the parties of the second part. The parties of the first part jointly and
severally bound themselves to pay to the parties of the second part certain
moneys. These payments were to be made out of the balance of the insurance
moneys to be collected and out of the proceeds of the sale of the real property.
The parties of the first part agreed that if these sums remained unpaid ten
months after the date of the agreement, they themselves would pay the balance.

The only undertaking on the part of Gesell and Herbert R. Kells was that, upon
the payment to the parties of the second part of the sums mentioned in the
agreement, the said Gesell and Herbert R. Kells would release the parties of the
first part from further liability. Neither the special guardian for Thomas J.
Kells, nor Thomas J. Kells himself, assumed to enter into any covenant what-
ever affecting the latter's interest in the estate, nor did either of them agree to
release the executors from liability, either presently or upon payment to the
said Thomas J. Kells of the sum mentioned in the agreement.

The parties of the second part mentioned in the agreement received two-thirds
of the full amount mentioned therein. After the expiration of ten months
from the date of the agreement, the general guardian of Thomas J. Kells, hav-
ing received no further payment on behalf of the latter, instituted a proceeding
to compel William E. Kells to render an account as executor. William E. Kells
thereupon brought an action to procure an adjudication that the rights of all

the parties, including the infant, were merged in the agreement, and that the proceeding for an accounting instituted by the general guardian be perpetually stayed. The complaint in this action affirmatively showed that a large portion of the residuary estate of the deceased was still in the hands of the plaintiff.

*Held,* that a demurrer interposed by the general guardian to the complaint was properly sustained;

That, under the circumstances, the Surrogate's Court was not ousted of jurisdiction to compel an accounting by the plaintiff, and that the latter was not entitled to a judgment decreeing that the rights of all the parties had been merged in the agreement.

APPEAL by the plaintiff, William E. Kells, from a judgment of the Supreme Court in favor of the defendant, the People's Trust Company, as general guardian of Thomas J. Kells, an infant, entered in the office of the clerk of the county of Kings on the 24th day of April, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, sustaining said defendant's demurrer to the complaint, and dismissing the complaint upon the merits as to said defendant.

*Henry Cooper,* for the appellant.

*T. Ellett Hodgskin* [*George W. Wingate* with him on the brief], for the respondent.

HOOKER, J. :

The plaintiff and the defendant Rose Kells are the executors of the last will and testament of Thomas Kells, deceased. In the month of October, 1899, the defendant Gesell instituted proceedings in the Surrogate's Court to compel the executors to account, and pending that accounting a general agreement between the executors and all the devisees and legatees under the will of Thomas Kells, deceased, was entered into, which evidently was intended to cover all the matters in dispute between them, and to define their rights and interests in the estate of the deceased. All of the parties to that agreement are parties to this action and all are of full age except the defendant Thomas J. Kells. The defendant the People's Trust Company, as the general guardian of the infant Thomas J. Kells, subsequent to the execution and delivery of that agreement, commenced proceedings in the Surrogate's Court to compel an accounting by this plaintiff, one of said executors, and this action

was then brought by him, demanding judgment that all such proceedings instituted by the defendant company, as guardian, be perpetually stayed, and that the rights of the parties to this action be decreed to be merged in said agreement. The defendant the People's Trust Company, as guardian, demurred to the complaint, and the plaintiff appeals from a judgment sustaining the demurrer.

It appears from the recitations in the agreement that the deceased in his lifetime was engaged in a manufacturing business, and in connection therewith owned several buildings and much machinery therein; that the plaintiff continued that business after the testator's death until a certain time, when the manufacturing plant was consumed by fire; that the buildings have not been reconstructed since the fire, and the property remains unoccupied and unimproved; that the plaintiff and the defendant Charles D. Kells have since the fire been conducting a similar business under the name of Thomas Kells' Sons; that at the time the agreement was executed in March, 1900, there had been paid to the executors the sum of about $9,500 by the several insurance companies liable on policies upon the property destroyed, and that there then was due from other companies a sum adjusted at about $8,000. The executors, both individually and in their representative capacity, together with the defendant Charles D. Kells, are parties of the first part to that agreement, and the defendants Herbert R. Kells, Mamie E. Gesell and Thomas J. Kells, by John B. Lord, his special guardian, in the proceedings in the Surrogate's Court directing an accounting are the parties of the other part. The agreement recites that it is deemed for the best advantage of all parties interested in the estate that the parties of the first part should pay to the parties of the second part their respective shares of the residuary estate, and the parties of the first part by the agreement subordinated their interest in the estate to the parties of the other part. The parties of the first part jointly and severally bound themselves to pay to Thomas J. Kells the sum of $6,666.66; to Mamie E. Gesell $3,333.33; to Herbert R. Kells $1,666.67; and in addition thereto certain fees and disbursements in the proceedings for an accounting. These payments were to be made out of the balance of the insurance moneys to be collected and out of the proceeds of the sale of the real property referred to, but the parties of the first part agreed that if these sums remained

unpaid for a period of ten months after the date of the agreement, then they themselves would pay the balance, with interest from January 1, 1901. The only undertaking on the part of the defendants Gesell and Herbert R. Kells is in the last clause of the contract, in which they agree that upon the payment to the parties of the second part of the sums set forth above, the said Gesell and Herbert R. Kells would execute and deliver to the parties of the first part discharges releasing them from any and all further accountability, either individually or as executors, in respect to the said estate or in any wise growing out of the will of Thomas Kells, deceased.

Neither John B. Lord, as special guardian for Thomas J. Kells, the infant, nor Thomas J. Kells himself, assumed in this agreement to enter into any covenant whatsoever on his part affecting the interest of Thomas J. Kells in said estate in any way; it was not assumed by the articles to settle or determine the share of Thomas J. Kells in the estate of his father or under his father's will, nor was any effort made to discharge the executors from accountability and liability to Thomas J. Kells, either presently or upon the fulfillment of the condition of the payment to him of the sum stated in the contract.

Some time after this agreement was executed and delivered by and between the several parties, certain sums were paid to the parties therein named as the parties of the second part, which sums equaled approximately two-thirds of the full amount named in the contract. Subsequently to these payments, and after the expiration of ten months from the date of the contract, the People's Trust Company, receiving no further payments upon the interest of its ward, commenced proceedings in the Surrogate's Court to compel this plaintiff, as executor, to account, and that course of the guardian calls forth this action by the plaintiff. He claims upon this appeal that the agreement so clearly defines the rights and liabilities of the parties that the surrogate has no longer any jurisdiction over the estate of Thomas Kells, deceased. He urges this court to reverse the judgment sustaining the demurrer upon the authority of *Matter of Wagner* (119 N. Y. 28) and *Sanders* v. *Soutter* (126 id. 193). The *Wagner Case* (*supra*) was an appeal from an order made by the surrogate, and simply held that where, upon an appli-

cation to compel an executor to render an account, it is shown that the interest of the appellant has been satisfied and extinguished by a settlement and distribution, the surrogate should dismiss the application and has no jurisdiction to pass upon the question whether such release or statement was obtained by fraud. In the *Sanders Case* (*supra*) it was simply decided that where a proceeding for an accounting had been dismissed in consequence of a full release and settlement made between the legatees and executors of an estate which it was charged was fraudulent and collusive, and made to deprive the plaintiff of his rights, he was entitled to maintain an action in the Supreme Court to annul the release and compel an accounting. The case at bar differs very widely from the authorities upon which the plaintiff seeks to maintain this action. It is to be noticed that the defendant the People's Trust Company, as guardian, is the petitioner in the proceedings in the Surrogate's Court, which the defendant now seeks to restrain, and that neither the People's Trust Company, as guardian, Thomas J. Kells, the infant himself, nor any one else in his behalf, even undertook in the agreement, made part of the complaint, to release the executors or to make a settlement with them of his interest in the estate. Another feature of dissimilarity between the cases plaintiff cites and the case at bar is that the defendants Gesell and Herbert R. Kells, though of full age, did not in the agreement release the executors from accountability; the nature of their undertaking was to execute discharges and releases when the full sums named in the contract should be paid to them. Those sums not having been paid the executors are not yet released. Nor can the plaintiff successfully base his contention upon the theory that the estate has been distributed and the claims satisfied and extinguished. The allegations of his own pleading show affirmatively that a large portion of the residuary estate of the deceased is yet in his hands, or in the hands of the partnership formed between the plaintiff and the defendant Charles D. Kells. As a general proposition the Surrogate's Court will not be ousted of jurisdiction in matters of accounting between executors or administrators and those interested in the estates of deceased persons, unless there have been acts of the parties which clearly indicate an intention between the parties to consider the estates settled and distributed, or to consider the executors or

administrators discharged from further duty to them. No such intention can be spelled out of the language of the agreement upon which this case is based; on the other hand, it seems to be the intention that the Surrogate's Court shall still retain jurisdiction of the subject-matter of the estate and its administration, for it is distinctly provided and stipulated in that agreement that an order be entered in the proceedings for an account then pending, restraining the executors from selling or conveying the unoccupied and unimproved property remaining in their hands without express permission of the Surrogate's Court, under orders authorizing the same, first had and obtained.

We cannot believe that there is any authority in reason for a reversal of this judgment, and in the view we take of it the plaintiff is not entitled to stay the defendant the People's Trust Company. The plaintiff not being entitled to that relief, and in view of the infancy of the defendant Thomas J. Kells, and of the terms of the agreement as affecting the other defendants, the appellant is not entitled to a judgment decreeing that the rights of all the parties be merged in the agreement.

The judgment appealed from should be affirmed, with costs.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment affirmed, with costs.